UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

   Plaintiff/Respondent,

   v.                                         **CIV. NO. 02-969 MCA/ACT**
                                                      **CR. NO. 89-203JB**

**MARIA TRINIDAD LIZARRAGA-GRAVE**,

   Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Maria Trinidad Lizarraga-Grave's ("Lizarraga-Grave") Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed August 5, 2002.   The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds the Motion should be denied.

### PROPOSED FINDINGS

Factual and Procedural Background.

      1.     On April 13, 1989, Lizarraga-Grave was arrested for Conspiracy to Distribute Heroin. She was indicted by a grand jury and charged with Distribution of Less an 100 Grams of Heroin and Possession with Intent to Distribute Less than 100 Grams of Heroin.  In July of 1989, Lizarraga-Grave entered a plea to an Information charging her with Possession of Heroin in violation of 21 U.S.C. §844.  She was sentenced on September 23, 1989.  A Judgement was entered on September 29, 1989.  Lizarraga-Grave did not file any direct appeals challenging her sentence or her underlying conviction.

2.      Lizarraga-Grave filed her Motion on August 5, 2002. Her sole claim is that she did not know that her conviction for possession of heroin would affect her immigration status. Plaintiff, the United States of America ("USA"), filed a Response to Lizarraga-Grave's Motion and a Motion to Dismiss on August 29, 2002. The USA asserts, *inter alia*, that Lizarraga-Grave's Motion is untimely.

Discussion.

3.      The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one year limit on the filing of petitions pursuant to the 28 U.S.C. §2255 statute. The effective date of AEDPA was April 24, 1996, Because Lizarraga-Grave's conviction was final prior to the effective date of AEDPA, the deadline for the filing of her Motion was one year from the effective date of AEDPA, April 24, 1997. *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998)(recognizing judicially created grace period). Thus, Lizarraga-Grave's filing on August 5, 2002 is untimely.

4.      Lizarraga-Grave failed to raise any allegations warranting the application of equitable tolling. *United States v. Willis*, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000)(case must present extraordinary circumstances to warrant equitable tolling of statute of limitations). Lizarraga-Grave asserts in her petition that when she attempted to renew her "green card," she was informed that because of her conviction, "they will not renew my status" as a permanent legal resident. Motion, p. 6. This does not rise to the rare and exceptional circumstances required. *Miller v. Marr*, 141 F.3d 976, 978(10th Cir.) *cert. denied* 525 U.S. 891 (1998)(equitable tolling appropriate when prisoner is actually innocent; claim of insufficient access to relevant law...is not enough to support equitable tolling).

5.      Moreover, even if the Court accepts as true that Lizarraga-Grave did not know and

was not informed by her counsel that her plea would affect her immigration status, this would not render her plea invalid or defective. For a plea to have been knowingly and voluntarily made, the defendant need only be informed of the direct consequences of the conviction. *Brady v. United States*, 397 U.S. 742 (1970). Deportation is considered a "peripheral consequence" of a plea which the defendant need not be informed. *Polanco v. United States*, 803 F. Supp. 928, 931-32 (S.D.N.Y. 1992); *United States v. Gonzales*, 202 F.3d 20 (1st Cir. 2000)(neither a lawyers's failure to advise a client of the potential immigration consequences of a guilty plea nor the court's failure to advise a defendant of the fact that he could face deportation as a result of a guilty pleas renders the plea defective).

### RECOMMENDED DISPOSITION

I recommend that the Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correction by a Person in Federal Custody filed August 5, 2002 be **DISMISSED.**

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

                                                                                           _____
                                                                                           **ALAN C. TORGERSON**
                                                                                           **UNITED STATES MAGISTRATE JUDGE**